CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 27 2017

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

JOHN FORREST HAM, JR.,      )    CASE NO. 7:17CV00295
                                        )
         Petitioner,                )
v.                                   )    MEMORANDUM OPINION
                                        )
UNITED STATES OF AMERICA,     )    By: Hon. Glen E. Conrad
                                        )    Chief United States District Judge
         Respondent.            )

John Forrest Ham, Jr., an inmate at the United States Penitentiary in Lee County, Virginia, filed this action, pro se, as a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Ham alleges that he should be resentenced, because his federal criminal sentence is unlawful under Mathis v. United States, __U.S.__, 136 S. Ct. 2243 (2016) and Johnson v. United States, __U.S.__, 135 S. Ct. 2551 (2015). Upon review of the record, the court concludes that Ham's claim for relief under § 2241 in this court is appropriately construed as a motion to vacate, set aside or correct the sentence under 28 U.S.C. § 2255 and transferred to the sentencing court.

Ham's petition and court records available online indicate that Ham pleaded guilty in 2010 in the United States District Court for South Carolina to possession of a firearm as a convicted felon, carjacking, and possession of a firearm in furtherance of a crime of violence. The court sentenced Ham to 319 months in prison. The judgment was affirmed on appeal, and Ham's § 2255 motion in the South Carolina District Court was unsuccessful. As stated, Ham now petitions this court under § 2241 for habeas corpus relief under the Mathis and Johnson decisions. Ham believes that his sentence is unconstitutional because prior convictions used to enhance the sentence allegedly no longer qualify as predicates under the Armed Career Criminal Act and the Career Offender guideline.

As stated, Ham's claim challenges the legality of his federal sentence as imposed. Such claims must normally be raised on appeal or in a § 2255 motion in the sentencing court. In re Jones, 226 F.3d 328, 332 (4th Cir. 2000). Petitioner's § 2241 petition raising such claims is barred unless it meets the stringent standard mandated under the Jones decision. Id. at 333-34 (finding that challenge to federal conviction is barred from review under § 2241 absent a showing that under a post-conviction change in the law, petitioner's offense conduct is no longer criminal). Because neither the Mathis decision nor the Johnson decision had no effect on the criminality of Ham's federal offense conduct, he cannot proceed with his claim under § 2241. Therefore, the court will deny relief under § 2241, construe Ham's submission as a § 2255 motion, and transfer it to the United States District Court for South Carolina for further proceedings in light of the recent court decisions Ham cites. The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This __27th__ day of June, 2017.

_____
Chief United States District Judge